ANNA FLOHRS v. GEORGE W. FORSYTH.

November 17, 1899.

Nos. 11,751—(75).

## Justice of the Peace—Attachment against Nonresident—Jurisdiction.

In an action in justice's court commenced by attaching the personal property of the defendant, the defendant residing in another county in the state, the summons may be served upon him personally in the county of his residence, and such service gives the justice jurisdiction to render a judgment which will be valid, at least to the extent of the property attached. G. S. 1894, § 5056.

Action in the district court for Watonwan county to recover $200 damages for conversion. The case was tried before Severance, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*W. L. Lamb* and *W. S. Hammond*, for appellant.

*Ashley Coffman*, for respondent.

MITCHELL, J.

This was an action for the wrongful conversion of a span of horses which were at the time the property of one John Flohrs, who assigned his claim to his wife, this plaintiff.

The short facts are that in an action brought in justice's court in Watonwan county by one Coffman against John Flohrs, for the recovery of money, an attachment was issued and delivered to the defendant, as sheriff of the county, who thereunder seized the horses in question in that county, and, after judgment was rendered against Flohrs, sold them on execution to satisfy the judgment. These acts constitute the wrongful conversion complained of. The claim of the plaintiff is that the judgment was absolutely void, because the justice had no jurisdiction to render it. The justice's docket shows that the defendant certified, in his return to the writ of attachment, that he had attached the span of horses here in controversy, but that, after diligent search, the defendant, Flohrs, could not be found in Watonwan county; that the action was adjourned one week for the purpose of serving the summons on the

defendant; that, on or before the day to which the case was adjourned, a constable of Martin county returned the summons, with a certificate indorsed that he had served the summons on Flohrs by leaving a true copy thereof with one Anna Flohrs, a person of suitable age and discretion, at his last usual place of abode in Martin county. The docket further showed that Flohrs did not appear on the day to which the cause was adjourned, and upon which the action was tried and judgment rendered.

This is all that the docket of the justice or the files in the case shows as to the existence or nonexistence of the jurisdiction of the justice. The parties, however, stipulated on the trial that the summons was duly served on Flohrs, in so far as the manner of actual service by the constable is concerned, if it was proper to serve it at all in Martin county. The service in this case was in exact accordance with the provisions of the last clause of G. S. 1894, § 5056, and gave the justice jurisdiction, at least, to render a judgment in rem valid to the extent of the property attached. The provision that, in such cases, the summons shall be served as a summons is served under like circumstances in the district court, has reference, in our opinion, to the manner of service, and not to the proof of service; and we do not see why the certificate of the constable is not sufficient, although not under oath. But, in any event, it is the fact of service, and not the proof of it, that confers jurisdiction, and in this case actual service is admitted. Some other technical points are made, but none of them are entitled to special notice.

Order affirmed.